George M. Fanelli, J.
In this article 78 proceeding, petitioners seek to review and annul the determination of the Board of Appeals of the Village of Scarsdale wherein said board refused to accept and entertain on the merits an appeal by petitioners relating to the issuance of a building permit by the building inspector on February 19, 1957 to the Scarsdale Shopping Center Inc., for the erection of a shopping center. Respondent board cross-moves to dismiss the petition for legal insufficiency.
The record before the court discloses that the basis for the board’s refusal to accept petitioners’ appeal was its finding as a matter of law and without a hearing that petitioners ivere not and could not “ be found to be aggrieved persons within the meaning of the applicable statute ” (see Resolution of the Board, par. 6).
The record further indicates that the board refused to consider the appeal on the merits and desired to first determine whether or not petitioners were “aggrieved persons”. To *572 this extent, while petitioners at all times requested the opportunity to present testimony relating to said question, nevertheless, the board requested and received from petitioners a written statement or “ brief ” outlining the latter’s contentions as to their “ aggrieved ” status, but never affording petitioners the opportunity to present such evidence. In a subsequent resolution by the board it held as a matter of law that petitioners did not “ support a finding that they have suffered or will suffer any special injury or damage to their person or property rights which would make them aggrieved persons within the meaning of the statute ”.
The court is of the opinion that the board’s action in so refusing to accept the appeal of petitioners and in deciding as a matter of law and without a hearing that petitioners were not “ aggrieved persons ” was without legal basis.
The statute authorizes the taking of an appeal to such board “ by any person aggrieved, or by an officer, department, board or bureau of the village ”. (Village Law, § 179-b.) It is the court’s view that said determination of the board was arbitrary and capricious. “ Neighboring owners ”, “ nearby residents ”, as well as “ closely adjacent owners ” have the status of “ persons aggrieved” within the spirit and intent of section 179-b of the Village Law insofar as it refers to the taking of an appeal to the Board of Appeals from “ any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted ’ ’ pursuant to the Village Law. The spirit and intent of zoning, combined with justice itself, requires that under section 179-b of the Village Law the broadest possible interpretation should be given to the words “ Such appeal may be taken by any person aggrieved, or by an officer, department, board or bureau of the village ”. It has been held that even without proof of special injury or damage, an owner of property has sufficient interest to enable him to appeal a determination permitting an unauthorized zoning- use of adjoining premises. “ The right of nearby property owners to protect their interests in matters before the Board of Appeals and to have such proceedings reviewed appears in many cases ”. (Smith on Zoning Law & Practice, § 131, p. 208; of. Edward A. Lashins Inc. v. Griffin, 132 N. Y. S. 2d 896; Bayport Civic Assn. v. Koehler, 138 N. Y. S. 2d 524.)
Where, as here, petitioners allege and contend that their respective homes are located within 500 feet of the premises for which the building inspector issued a building permit for the erection of a shopping center, which structure allegedly *573 inter alia (1) will not be in accordance with a comprehensive plan and design to lessen congestion in the streets; (2) will not promote health and the general welfare; (3) will not comply with the Building Zone Ordinance of the Village of Scarsdale regarding parking facilities; (4) will not conform to the site plan originally approved by the planning commissioner; (5) will violate the zoning ordinances of said village; and (6) will seriously affect and depreciate the value of their respective homes, the court has come to the conclusion that the true administration of justice dictates that petitioners at least have the opportunity to submit “testimony” and “evidence” before the board to sustain their contentions. Without such a hearing and subsequent findings of fact, a judicial review, if so advised, would be impossible.
This court has not passed upon the merits of petitioners’ appeal and this decision should not be construed as indicating what the board’s ultimate determination should be.
Accordingly, in the light of the foregoing, the determination of the Board of Appeals of the Village of Scarsdale herein is annulled and the proceeding is remitted to said board for action in accordance with this opinion. Respondent board’s cross motion to dismiss the petition is denied.
Settle order on notice.