In the Matter of CONDÉ NAST PUBLICATIONS, INC., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, January 22, 1976

*Sabin, Bermant & Blau (John R. Coughlin* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

KOREMAN, J. Petitioner is a New York corporation with offices in New York, California, Illinois, Massachusetts, Ohio and Georgia, engaged in interstate commerce in the business of publishing magazines. During the years 1967, 1968, 1969 and 1970, petitioner's magazines *(Vogue, Glamour, Mademoiselle, House & Garden,* and *Bride's)* were printed in Iowa and Ohio and either mailed to subscribers or distributed through an independent distributor throughout the United States. Subscriber sales were serviced in Boulder, Colorado. Advertis-

ing was solicited throughout the United States from petitioner's offices in New York and in the other States. In computing its franchise taxes for the four years in question, petitioner included in its New York receipts the revenues corresponding to the percentage of its magazine circulation in New York State, and omitted that portion of magazine advertising revenue corresponding to the percentage of circulation outside New York. The Corporation Tax Bureau of the Department of Taxation and Finance subsequently issued notices of deficiency for all four years, and following a hearing, respondent affirmed the deficiencies and determined that all advertising revenues generated by the New York office must be included as "receipts" under the three-factor formula provided for by section 210 (subd 3, par [a], cl [2]) of the Tax Law. The sole issue involved on this proceeding is which method of computation is the correct one.

Only that portion of a corporation's entire net income that is allocable to New York is subject to payment of a franchise tax (Tax Law, § 210). In determining the New York portion of a corporation's income from business, where the corporation has a regular place of business outside the State, the statute prescribes that three factors be taken into account, namely, property, receipts, and payroll. The percentage of the taxpayer's total property that is situated in New York, the percentage of the taxpayer's total receipts that are earned in New York, and the percentage of the taxpayer's total payroll that is computed in New York are all ascertained, and an average of these three figures is then struck. The resulting figure, referred to in the statute as a business allocation percentage, is multiplied by the taxpayer's total business income to arrive at that part of the total business income that is attributable to New York.

The dispute in the present case centers around the percentage of the corporation's total receipts earned in New York, and more particularly, what portion of the corporation's advertising receipts was earned in New York. On the hearing, petitioner took the position that advertising is a service that is performed when and at the location where the advertisement is read by a potential purchaser of the advertised product, and, therefore, the percentage of advertising receipts earned in New York would be the same as the New York percentage of the magazine's total circulation. In support of this contention, petitioner offered the testimony of three experts. Respon-

dent, on the other hand, argues that advertising is not a service performed within the State as contemplated by section 210 (subd 3, par [a], cl [2], subcl [B]) of the Tax Law, and that advertising revenues constitute "other business receipts earned within the state" within the meaning of section 210 (subd 3, par [a], cl [2], subcl [D]) of the Tax Law. For that reason, respondent allocated to New York the revenues from all advertising contracts that were negotiated through or handled by the New York office.

Petitioner contends that respondent's determination is not supported by substantial evidence, is arbitrary and capricious, and constitutes a denial of due process. These contentions are based on respondent's rejection of the testimony of petitioner's experts to the effect that advertising revenues constitute receipts for services within and without New York State and election instead to follow an internal memorandum of the Corporate Tax Bureau dated August 9, 1946 which was received in evidence. The question before us, however, involves the interpretation of section 210 of the Tax Law. It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld. While statutory construction is the function of the courts, where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court's function is limited. The judicial function is exhausted when a rational basis is found for the conclusion arrived at by the administrative body *(Matter of Howard v Wyman,* 28 NY2d 434, 438).

This court has held that while an income apportionment formula for computing franchise taxes will not be upheld if the formula is intrinsically arbitrary or reaches an unreasonable result in a particular case, "one who attacks a formula of apportionment carries a distinct burden of showing by clear and cogent evidence that it results in extraterritorial values being taxed *(Butler Bros. v McColgan,* 315 U. S. 501)." *(Matter of Eastman Kodak Co. v State Tax Comm.,* 33 AD2d 298, 303, affd 30 NY2d 558.) On this record, it is clear that petitioner has failed to meet the burden imposed upon it. We conclude that respondent's determination has warrant in the record, a rational basis under statute, and should not be disturbed.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., GREENBLOTT, MAIN and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.