In the Matter of FREDONIA PRODUCTS CO., INC., Petitioner, v MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondents.

Third Department, July 22, 1976

*Kavinoky, Cook, Hepp, Sandler, Gardner & Wisbaum (Joseph E. Zdarsky* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondents.

LARKIN, J. The sole issue presented by this proceeding is whether purchases by petitioner between September 1, 1969 and August 31, 1972 of sheet pulp, also known as filter paper, used by petitioner in the processing of grape juice, were exempted from the tax on retail sales (Tax Law, § 1105) and the compensating use tax (Tax Law, § 1110). Section 1115 (subd [a], par [12]) of the Tax Law, as in effect at the times in in question (L 1965, ch 94, § 1), exempted from such taxes the receipts from the sales of the following:

"Machinery or equipment for use or consumption directly and exclusively in the production of tangible personal property * * * but not including parts with a useful life of one year or less or tools or supplies used in connection with such machinery, equipment or apparatus."

Petitioner claims that the sheet pulp in question was equipment as defined by section 1115 (subd [a], par [12]) of the Tax Law and that the determination of the respondents to the contrary was arbitrary and capricious and not supported by substantial evidence. We disagree.

There is no serious dispute as to the role of the sheet pulp, which is composed of wood pulp fibers pressed together into a sheet and is characterized by high absorption properties, in the production of grape juice by petitioner. After the grapes have passed through a machine which removes the stems and crushes them, the crushed grape mass is directed to holding tanks where the sheet pulp, cut into strips of various sizes, is added. The sheet pulp absorbs grape juice and becomes totally dispersed throughout the liquid in the tanks. The contents of the holding tank are then forwarded to a machine known as a dejuicer, which operates as a revolving screen set on an angle. The grape mass is rotated up the side of the screen until, at the top the free-running juice is drained off. The slimy grape mass is able to climb the screen only because of the adhesive qualities of the sheet pulp and, in fact, the dejuicer machine was specifically designed to operate in conjunction with the sheet pulp. The whole grape material remaining on the dejuicer screen, together with the dispersed sheet pulp, is now directed to the press, where the sheet pulp assists in retardig

the movement of the grape mass through the press and in allowing free-running juice to flow from the press. The sheet pulp is essential to the operation of the press. Additional sheet pulp is added at the filtration stage, where it performs an essential clarification function.

The record thus reveals that the sheet pulp, because of its absorptive qualities, is used by petitioner at various stages in the production of its grape juice to assist the operations of its holding tanks, dejuicer machine, press and filtration equipment. It is apparent that the sheet pulp is not equipment, operating independently within petitioner's production chain, but rather that it is merely within the nonexempt category of "supplies used in connection with such machinery, equipment or apparatus" (Tax Law, § 1115, subd [a], par [12]).

Applying the general principles that the construction given by an agency responsible for administering a statute should be upheld if not unreasonable or irrational *(Matter of Howard v Wyman,* 28 NY2d 434) and that a statute authorizing a tax exemption will generally be construed against the taxpayer *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193), in the instant case we conclude that respondents' determination is supported by substantial evidence and is neither arbitrary nor capricious.

The determination should be confirmed, and the petition dismissed, without costs.

SWEENEY, J. P., MAIN, HERLIHY and REYNOLDS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.