In the Matter of WILLIAM J. DELLES, Appellant, v JAMES C. COOPER et al., Constituting the Board of Zoning Appeals of the City of Schenectady, et al., Respondents.

Third Department, December 30, 1976

*Gerald T. Hennessy* for appellant.

*Paul Edelson* for respondents.

*Mullarkey, Harrigan & Sherbunt* for Sunnyview Hospital and Rehabilitation Center, *amicus curiae.*

SWEENEY, J. Sunnyview Hospital is located at the corner of Rosa Road and Belmont Avenue in the City of Schenectady. It has grown both in size and in services rendered since its inception in 1926. Recently it acquired several lots in anticipation of constructing additional parking space to accommodate its expanding need. Petitioner resides in a one-family dwelling which adjoins the recently acquired lots. Sunnyview's lots were rezoned to district C, multi-family dwelling from district

A, single-family dwelling. The hospital is also located in district C. On February 11, 1974 Sunnyview applied for and was granted a building permit to construct a "two level parking structure" on the lots in question which are contiguous to the hospital. Petitioner requested the building inspector to cancel the permit. Ultimately, and after a hearing, the Board of Zoning Appeals upheld the building inspector's denial of petitioner's requested relief. Special Term agreed and dismissed petitioner's petition. This appeal ensued.

Section A of article III of the city zoning ordinance authorizes "parking areas" for one motor vehicle for each 1,000 square feet of lot area as an "accessory use" in district C and empowers the appeals board with the discretion to reduce the lot area from 1,000 square feet to 700.

Petitioner contends that the proposed construction by Sunnyview is not a "parking area", but a building or in the alternative, it is neither. In either event, he argues, the proposed construction is in violation of the zoning ordinance. Specifically, he contends, among other things, that if the proposed structure is a building, it does not comply with certain restrictions as to bulk and arrangement. With this we agree. As a "parking area", petitioner maintains it violates section A of article III because only the area of the four lots in question may be considered. Consequently, the 120 new parking spaces to be created exceed the number permitted by an area of only 34,000 square feet, the over-all size of the four lots. This objection we add, would not prevail if all Sunnyview's property could be properly considered, since it contains 281,000 square feet and presently has only 140 parking spaces.

The first issue to be resolved in determining this controversy is whether or not the proposed construction is a building within the meaning of the ordinance. Section 6 of article I of the zoning ordinance defines building as: "Any structure for the support, shelter and enclosure of persons, animals, chattels or property of any kind." A structure is defined by section 38 of the same article as: "That which is built or constructed, or any piece of work artificially built up or composed of parts joined together in some definite manner, the use of which requires more or less permanent location on the ground or which is attached to something having a permanent location on the ground."

Initially, we point out that the construction given the ordinance by the Zoning Board of Appeals, if not irrational or

unreasonable should be upheld (see *Matter of Fredonia Prods. Co. v Procaccino,* 53 AD2d 275; *Matter of Condé Nast Pub. v State Tax Comm.,* 51 AD2d 17; *Matter of Leathersich v Wade,* 20 AD2d 963). The proposed construction consists of a lower level parking area on ground level with an entrance on Belmont Avenue and an upper level with access to Rosa Road. It is not enclosed, and has no walls or roof. It is to be used exclusively for parking automobiles for which no fee will be charged and no gas or automobile accessories are to be sold thereon. While we are of the opinion that it is a structure, we conclude that the finding by the Zoning Board of Appeals that the structure is not a building has warrant in the record, a rational basis and should not be disturbed. Consequently, those portions of the zoning ordinance pertaining to buildings do not apply.

We must now consider whether the structure qualifies as a parking area within the meaning of section 33 of article I of the zoning ordinance, which defines "parking area" as follows: "An open, unoccupied space used or required for use for parking of automobiles or other private vehicles exclusively and in which no gas or automobile accessories are sold or no other business is conducted." We interpret the language of this section read in conjunction with the description of and the purpose for which the structure is to be used, as clearly demonstarting that it does qualify as a "parking area" within the purview of the ordinance. Therefore, the determination of the Zoning Board of Appeals is reasonable and is neither arbitrary, capricious nor unlawful.

We pass to petitioner's contention that even if the structure is a parking area, as such, it violates the ordinance. Petitioner argues that to allow this recently acquired area to be used for parking, would, in effect, permit Sunnyview or others to expand a never ending concentric circle by acquiring new property and calling the expansions "accessory uses" and thereby negate the zoning ordinance. With this argument we are unable to agree. In our view, it is unrealistic and illogical. The authors of any ordinance must realistically anticipate subsequent amendments if the ordinance is to be workable. This is particularly so in this day and age when municipalities are confronted with constant changes in the character of neighborhoods and the ubiquitous need to provide parking areas for the proliferation of automobiles. An adoption of petitioner's argument would, in our view, unduly restrict a

municipality from properly co-operating with the development of a particular area due to changes as a result of the passing of time. This being so, we find it was entirely reasonable for the Zoning Board of Appeals to decide that the entire property must be considered in computing the square footage which will determine and limit the number of parking spaces which Sunnyview may properly maintain.

Petitioner has raised several other points urging reversal and we have carefully considered all and find them unpersuasive and not requiring further comment by us. We conclude that the court at Special Term properly dismissed the petition and the judgment should therefore be affirmed.

The judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, KANE and HERLIHY, JJ., concur.

Judgment affirmed, without costs.