■ In the Matter of 200 E. 64TH ST. CORP., Appellant, v JAMES H. TULLY et al., Constituting the State Tax Commission, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 9, 1976 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the amended determination of the State Tax Commission dated December 11, 1975. The essential facts are not in dispute. On June 30, 1970 petitioner recorded a certain consolidation agreement without payment of any mortgage recording tax imposed by article 11 of the Tax Law on the principal amount of indebtedness of $5,500,000. Concededly, no tax was paid in a good faith belief on the part of petitioner and respondents that none was due. In a prior article 78 proceeding commenced in 1972 the Court of Appeals determined finally that the consolidation agreement was taxable as to the amount of the principal indebtedness. Following remand to the State Tax Commission to compute the recording tax due on said indebtedness, it issued an amended determination in December, 1975 holding that a mortgage recording tax was due in the amount of $41,250 on the principal indebtedness and that an added tax thereon was due at the rate of one half of one percent per month from June 30, 1970, the date of the recording of the instrument, to the date of payment. Prior to the date of this determination petitioner paid, under protest, the amount of the tax due on the indebtedness and the sum of $12,787.50 as the additional tax due pursuant to section 258 of the Tax Law. Special Term dismissed the proceeding now under review which seeks to annul that portion of the amended determination of the respondent Tax Commission which held that an additional recording tax was due at the rate of one half of one percent per month from June 30, 1970 to the date of payment. Section 258 of the Tax Law imposes an additional tax when the mortgage recording tax is not paid at the time the instrument is recorded: "No mortgage of real property shall be recorded by any county clerk or register, unless there shall be paid the tax imposed by and as in this article provided * * * and whenever it shall appear that any mortgage has been recorded without payment of the tax imposed by this article there shall be added to the tax a sum equal to one-half of one percentum thereof for each month or fraction of a month for the period that the tax remains unpaid, except where it could not be determined from the face of the instrument that a tax was due, or where an advance has been made on a prior advance mortgage or a corporate trust mortgage without payment of the tax, in which case there shall be added to the tax a sum equal to one percentum thereof for each month or fraction of a month for the period that the tax remains unpaid. In any case where a mortgage of real property subject to the tax imposed by this article has heretofore been recorded or is hereafter recorded in good faith, and the county clerk or register has held such mortgage nontaxable or taxable at one amount, and it shall later appear that it was taxable or taxable at a greater amount, the state tax commission may remit the penalties in excess of one-half of one percentum per month." It is not disputed that in the present case it could not be determined from

the face of the instrument that a tax was due. Therefore, Special Term correctly concluded that under the clear intent and purpose of section 258 an additional tax of one half of one percent per month must be paid, as determined by respondent State Tax Commission, regardless of the fact that petitioner acted in good faith. Special Term properly found that the construction given to the provisions of section 258 by the State Tax Commission is reasonable and rational. "The judicial function is exhausted when a rational basis is found for the conclusion arrived at by the administrative body *(Matter of Howard v Wyman,* 28 NY2d 434, 438)." *(Matter of Condé Nast Pub. v State Tax Comm.,* 51 AD2d 17, 19, mot for lv to app den 39 NY2d 889.) Judgment affirmed, without costs. Koreman, P. J., Greenblott, Kane, Mahoney and Herlihy, JJ., concur. [86 Misc 2d 1087.]