■ In the Matter of DANIEL WELCH, Individually and as President of Danny's North Motel, Inc., Petitioner, v ZONING BOARD OF APPEALS OF THE TOWN OF LLOYD, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent, which denied a variance to petitioner. In 1974, petitioner, as president of the corporation, acquired a 4.03-acre parcel of land in the Town of Lloyd, Ulster County. Improved by a residence that contained one or two apartments, the property conformed to its pre-existing "R ½" zoning classification. However, in 1977 petitioner applied for a use variance that would permit construction of a five- or six-unit apartment complex on the premises. The application was denied by the respondent Zoning Board of Appeals of the Town of Lloyd following a lengthy hearing and this article 78 proceeding was instituted to challenge that determination. A review of the record convinces us that the determination should be upheld. Although petitioner developed proof concerning the supposedly unique attributes of the land and sought to demonstrate that the proposed complex would not alter the essential character of the locality, he failed to meet his obligation of showing that none of the currently permitted uses could yield a reasonable economic return. Detailed analysis of the returns that might be expected from each such permitted use was not presented and petitioner did not even attempt to establish that the actual return from the property was inadequate. For all that respondent knew, petitioner could have been enjoying a handsome yield on the initial investment. Without commenting on the adequacy of the evidence relating to the other factors which must be considered, it is enough for us to say that respondent was more than justified in denying the instant use variance for want of evidence indicating economic hardship *(Matter of Forrest v Evershed,* 7 NY2d 256; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39; *Matter of Everhart v Johnston,* 30 AD2d 608). We have examined petitioner's assertions that respondent improperly refused to accept relevant proof and conducted the hearing in an unfair manner, but find them to be wholly lacking in merit. Determination confirmed, and petition dismissed, with costs to respondent. Mahoney, P. J., Sweeney, Kane and Herlihy, JJ., concur; Main, J., not taking part.