■ In the Matter of the PLANNING BOARD OF THE TOWN OF NORTH ELBA et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF NORTH ELBA et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 25, 1980 in Essex County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a decision of the Zoning Board of Appeals of the Town of North Elba. Wolfgang and Ulrich Schachenmayr own adjoining lots on Mirror Lake in the Town of North Elba, Essex County, New York. Under a land use code, which included zoning regulations enacted by the town on July 12, 1977, each of these lots was a pre-existing nonconforming parcel. Neither lot had the minimum required area or width. However, under the code, owners are entitled to improve nonconforming lots so long as the yard and setback provisions of the code are complied

with. After building permits were issued and some construction completed, the permits were revoked. It developed that the residences being built did not comply with the code's minimum side-yard setback requirements. Wolfgang attempted to cure his setback deficiency by having his brother Ulrich convey a 2,035-square-foot parcel of land to him. This plan was rejected by the building inspector and town board as being in violation of the code which prohibits the expansion or exaggeration of a nonconformity in pre-existing nonconforming lots. Thereafter, the Schachenmayrs submitted a proposal whereby the side-lot boundary line between Wolfgang and Ulrich's property would be altered and the deficiency cured. The boundary would be a zigzag line instead of being straight. This change would be effectuated by each brother transferring to the other a 945-square-foot triangle of land. Wolfgang Schachenmayr applied for a new building permit based on the proposed boundary lines. The building inspector was of the opinion that the changes proposed would be in violation of the code since new lots would be created. He, therefore, referred the application to the town planning board for site-plan review rather than to the zoning board because the conveyance created substandard lots. Wolfgang appealed to the zoning board of appeals from the action of the building inspector requesting that the word "lot" be defined as that term is used in the code. The zoning board concluded that the 945-square-foot triangles proposed to be conveyed were not "lots" as that term is used and defined in the code. The board also determined that the code (part 5, art 3, § 12, subd [b], par [4]) did not prohibit a change in the configuration of a nonconforming lot so long as the area and width of the lot were not changed. The proposed transfers of land area were approved. The town board and the town planning board brought a CPLR article 78 proceeding to annul the zoning board's decision. Special Term confirmed the decision of the zoning board and severed a cross petition by Wolfgang for an order compelling the issuance of a building permit. The instant appeal by petitioners ensued. The judgment should be affirmed. The law is well settled that a determination of a zoning board of appeals will not be set aside unless there is a showing of illegality, arbitrariness or abuse of discretion *(Matter of Fuhst v Foley,* 45 NY2d 441, 444). A decision of a zoning board of appeals will be upheld if it has a rational basis and is supported by substantial evidence *(Matter of Cowan v Kern,* 41 NY2d 591). The construction given an ordinance by a zoning board, if not irrational or unreasonable, should be upheld *(Matter of Delles v Cooper,* 55 AD2d 244, 245-246). Under the code, a lot is defined as "a single and contiguous parcel of land considered as a unit, occupied or capable of being occupied by a principal building or use". The board could properly find that the land transfers would not result in the creation of new lots. The size, area and width of both lots remained the same. The change in the boundary line only altered the configuration of the lots. Neither of these small parcels was capable of being occupied by a principal building. The two lots would remain essentially the same as they were before the exchange. The zoning board of appeals and Special Term construed the code (part 5, art 3, § 12, subd [b], par [4]) as only prohibiting changes that expand or exaggerate a pre-existing nonconformity. This interpretation is rational. The code states that "No existing lot of record on the effective date of these Regulations shall be reduced, subdivided or otherwise reduced in

size or changed in configuration so as to make it nonconforming or to expand or exaggerate an existing nonconformity under these Regulations." A change in configuration is, therefore, permitted as long as the lot is not altered to make it nonconforming or to expand or exaggerate any existing nonconformity. The Schachenmayr lots were pre-existing, nonconforming lots because they did not have the required area of 30,000 square feet and they were not 125 feet wide. Before the exchange, Wolfgang's lot had an area of 21,600 square feet and was 98 feet wide on the road side and 101 feet wide on the shoreline side. After the exchange, Wolfgang's lot has the same area and width. The same applies to Ulrich's lot. Indeed, the land transfers allowed Wolfgang's lot to comply with the zoning regulations. The decision of the zoning board is not irrational or unreasonable and follows from the language of the code. Judgment affirmed, with costs to respondents Schachenmayr. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.