In the Matter of COSMOPOLITAN BROADCASTING CORPORA-
TION, Petitioner, v STATE TAX COMMISSION OF THE
STATE OF NEW YORK et al., Respondents.

Third Department, January 29, 1981

### APPEARANCES OF COUNSEL

*Garrell, Siegal & Katz (Gilbert Siegal* of counsel), for
petitioner.

*Robert Abrams, Attorney-General (Wayne L. Benjamin,
William J. Kogan* and *Shirley Adelson Siegel* of counsel),
for State Tax Commission of the State of New York, re-
spondent.

*Allen G. Schwartz, Corporation Counsel (Arnold Fox* of
counsel), for Jay E. Butler, respondent.

### OPINION OF THE COURT

SWEENEY, J.

Petitioner is a New Jersey corporation duly authorized
to conduct business in this State. It was involved in a trans-
action wherein it borrowed from Citicorp Leasing, Inc.
$571,880.80 at 12% interest. Petitioner executed a promis-

sory note to Citicorp in the amount of $872,873.40 payable in 84 consecutive monthly installments of $10,391.35. The note does not specify what portion of the face amount was principal and what portion was interest. A mortgage on certain real property owned by petitioner was given as security. The mortgage stated that it was given "to secure the payment of an indebtedness in the sum of Eight Hundred Seventy-Two Thousand Eight Hundred Seventy-Three and Forty Hundredths ($872,873.40) dollars * * * to be paid according to a certain note bearing even date herewith". The mortgage likewise did not specify what was interest and what was principal. When the mortgage was recorded, the mortgage recording tax was computed based on the total amount but only after the recording officer afforded petitioner an opportunity to submit an affidavit indicating the amount of principal actually represented in the mortgage amount. None was ever submitted. Citicorp, by letter, also expressed a willingness to send an affidavit to respondent to attest to the amount of principal. This was not done. Petitioner paid the tax on the entire amount under protest and filed an application for a refund. The respondent concluded that the principal indebtedness secured by the mortgage was $872,873.40 and stated that petitioner is bound by the terms of the mortgage within the intent and meaning of section 253 of the Tax Law. Consequently, petitioner's application was denied and the instant CPLR article 78 proceeding was commenced to review respondent's determination.

The pertinent portion of section 253 of the Tax Law provides as follows: "A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of *principal debt or obligation which is, or under any contingency may be secured at the date of the execution thereof or at any time thereafter* by a mortgage on real property situated within the state recorded on or after the first day of July, nineteen hundred and six, is hereby imposed on each such mortgage, and shall be collected and paid as provided in this article" (Tax Law, § 253, subd 1; emphasis added).

While it has never been decided as an actual point of law, it is well established that "principal debt or obligation"

does not generally include the interest payable on a debt. In the present case, however, both the note and the mortgage refer to the total amount as the indebtedness. There is no breakdown as to what is interest and what is principal. Presumably, petitioner's directors and officers are sophisticated men of business and they acquiesced in the drawing and execution of the note and mortgage in question. Furthermore, an opportunity was afforded petitioner to show what was interest and what was principal. Considering the record in its entirety and particularly the two instruments, we are unable to say that respondent's determination was unreasonable or irrational. Consequently, the determination should be confirmed *(Matter of Condé Nast Pub. v State Tax Comm.*, 51 AD2d 17, 19).

The determination should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., KANE, MIKOLL and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.