■ In the Matter of THOMAS MULLER et al., Appellants, v GRAHAM WILLIAMS et al., Constituting the Zoning Board of Appeals of the City of Troy, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered October 5, 1981 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the City of Troy. Respondents Lawrence Cassabone and Gary Kearns, as the owners of a parcel of land in the Sycaway section of Troy, successfully sought use and area variances of the zoning ordinance to permit them to construct a Federally financed medium rise building for housing for senior citizens. Special Term dismissed petitioners' CPLR article 78 proceeding to annul the zoning board of appeals determination granting the variance and the instant appeal ensued. The judgment should be affirmed. Petitioners, relying upon *Matter of Village Bd. of Vil. of Fayetteville v Jarrold* (53 NY2d 254) and *Matter of Welch v Zoning Bd. of Appeals of Town of Lloyd* (71 AD2d 702), initially contend there is not substantial evidence in the record as a whole to support the determination, in that the landowners failed to demonstrate factually, by dollars and cents proof,

an inability to realize a reasonable return under existing permissible uses. This argument is misplaced. The subject premises are in an R-2 zone. According to the Zoning Ordinance of the City of Troy, the allowable uses in an R-2 zone are "1) Detached single family residence, 2) Two family residences, 3) Duplexes, 4) Home Occupations, 5) Parks, open space, recreational facilities, 6) Accessory structures incidental to above uses, and 7) Planned development." It should be noted that the zoning board of appeals and its staff, throughout the proceedings, considered "only one and two family residences are permitted in the R-2 zone district." In *Matter of Otto v Steinhilber* (282 NY 71, 76), the Court of Appeals fashioned the three requirements for the granting of a use variance. First, the land cannot yield a reasonable return for allowed purposes; second, the plight is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance; and third, that the use sought by the variance will not alter the essential character of the locality. This rule has been consistently followed by the courts. The record here shows that the landowners offered substantial proof of each of the three criteria delineated in *Matter of Otto v Steinhilber* (*supra*), including the specific "dollars and cents" proof required by the *Fayetteville* case (*supra*). Petitioners mistakenly argue that the owners failed to offer proof relative to certain other allowed uses such as libraries, museums, art galleries and child care centers. These are not *allowed uses* in the zoning ordinance. They are *special permit uses* which are not includible under either the *Otto* or *Fayetteville* rules. Moreover, where permissible uses include public ones, an applicant is generally not required to show that the property is unsuitable for such uses (*Matter of Grimpel Assoc. v Cohalan*, 41 NY2d 431, 433-434). The record adequately supports the determination of the zoning board of appeals that economic hardship exists for allowed uses, that the land is unique, that the hardship was not self-imposed, and that the essential character of the locality would not be altered. Petitioners next contend that the procedures employed by the board were unlawful. We disagree. The proceedings encompassed several hearings during which all persons, including objectants, were given full opportunity to be heard. It is true that the public was not allowed to participate at the final two meetings on June 30, 1981 and July 30, 1981. However, we find that these two final meetings, although open to the public, were essentially deliverative in nature, at which the members of the board evaluated all of the evidence submitted, discussed the application among themselves without interruption, and finally voted. We cannot say that the public was denied full opportunity to present its views. Finally, we note that the proposed construction is in a locality which already includes shopping facilities, Protestant, Catholic and Jewish houses of worship, health-providing services, banking, transportation, and other accessible amenities required by the elderly. The president of the Rensselaer County Senior Citizens Group and the president of the Troy Senior Citizens organization both testified to the dire need in the city for additional housing for the elderly. The issue is whether the zoning board of appeals erred in its decision. We note that this board is composed of highly competent individuals including two architects, a college professor, a State commissioner, and other knowledgeable persons, who performed their duties in a diligent and exhaustive manner. Since a zoning board is given discretion in the granting or denial of variances, the court's function is limited, and a board determination may not be set aside in the absence of illegality, arbitrariness or abuse of discretion (*Matter of Consolidated Edison Co. of N. Y. v Hoffman*, 43 NY2d 598, 608). The board's determination will be sustained if it has a rational basis and is supported by substantial evidence (*Matter of National Merritt v Weist*, 41 NY2d 438, 443), both of which exist

here. Judgment affirmed, without costs. Sweeney, J. P., Main, Casey, Weiss and Levine, JJ., concur.