**Charles F. HABIG,**
**Respondent-Appellant,**

**and**

**The City of Jasper, Indiana, the Board of Zoning Appeals,**

v.

**Hilda HARKER, John L. Pfister and Carol M. Pfister, Petitioners-Appellees.**

No. 1–882A249.

Court of Appeals of Indiana,
First District.

April 18, 1983.

---

Howard B. Lytton, Jr., Steven E. Ripstra, Lytton & Ripstra, Jasper, for respondent-appellant.

William C. Beckman, Gray, Chappell & Beckman, Jasper, for petitioners-appellees.

RATLIFF, Judge.

### STATEMENT OF CASE

Charles Habig appeals from the trial court's judgment ordering him either to modify certain buildings to conform to the Jasper City Zoning Ordinance or to tear them down. We reverse and remand to the trial court for further proceedings.

### FACTS

Habig is the owner of four parcels of real estate zoned R–3 in Jasper, Indiana. In December 1981 he applied for and was issued two Improvement Location and Build-

ing Permits in order to construct two duplexes on these lots. On January 14, 1982, neighboring landowners filed suit in Dubois Circuit Court to stop construction, but this suit was dismissed, and on January 28, 1982, they filed a notice of appeal of the decision of the zoning administrator with the Jasper Board of Zoning Appeals. Work on the duplexes was stopped and a hearing was held before the Board on February 17, 1982. The neighbors contended that the permits had been issued illegally because the Improvement Location Permits approved by the zoning administrator did not conform to the developmental standards of the ordinance as it related to R–3 zoning and that no variance had been obtained. The Board upheld the zoning administrator's issuance of the building permits, and the neighbors filed their Petition for Writ of Certiorari in Dubois Superior Court. In the return to the writ the city supplied the court with a complete transcript of the February 17, 1982, hearing of the Board and a copy of the minutes thereof. Later, counsel for the zoning administrator and the Board attempted to have included in the record for the court's review a copy of the Board's findings of fact which counsel contended was submitted with the Board's record but for some unknown reason was not included in the court's record. The court refused admission of the findings, but permitted them to be made part of the record for purposes of appeal upon an offer to prove.

## ISSUES

1. Did the trial court err in excluding the written findings of fact submitted by the Board?

2. Did the trial court err in finding that Board's decision to be illegal?

3. Did the trial court err in finding the Board had incorrectly interpreted the applicable zoning ordinance?

4. Was the relief granted by the trial court excessive?

5. Did the trial court err in issuing a stay order pursuant to Indiana Code Section 36–7–4–1007 prior to a hearing?

## DISCUSSION AND DECISION

*Issue One*

 Habig argues that the trial court abused its discretion in refusing to admit the Board's findings and in formulating its own findings upon the Board's record. We agree.

 Judicial review of administrative agency actions is subject to certain well established principles. For example, it is a fundamental requirement that boards of zoning appeals in all cases set out written findings of fact in support of their decisions, Ind.Code § 36–7–4–915, so that courts may intelligently review the board's decision without speculation as to its factual basis. *Kunz v. Waterman,* (1972) 258 Ind. 573, 577, 283 N.E.2d 371, 373; *Carlton v. Board of Zoning Appeals,* (1969) 252 Ind. 56, 66, 245 N.E.2d 337, 343. Boards of zoning appeals in Indiana are entrusted with the powers to hear and determine an appeal from the decision of an administrative official where it is argued that the official erroneously interpreted the ordinance. Ind.Code § 36–7–4–918(b)(2), 919; 3 A. Rothkopf, *The Law of Zoning and Planning* § 37.01 (1983). It has been said that the Board has the function of deciding

> "within prescribed limits and consistent with the exercise of legal discretion, whether the ordinance applies to a given situation and the manner in which it does not apply. The interpretation of legislation presents a question of law, and an administrative agency, such as a board of zoning appeals, is called upon to determine the applicability of the law to a given state of facts presented to it. It is the function of the court to decide whether the board correctly interpreted the regulation and applied it with reasonable discretion to the facts."

3 Rothkopf, *Zoning* § 37.10 at 37–9. The decision of the Board may then be reviewed by the trial court only for the purpose of determining whether or not the board's action was contrary to law. *Devon Civic League v. Marion County Board of Zoning*

*Appeals,* (1967) 140 Ind.App. 519, 524, 224 N.E.2d 66, 69, *trans. denied; Metropolitan Board of Zoning Appeals of Marion County v. Froe Corporation,* (1965) 137 Ind.App. 403, 414, 209 N.E.2d 36, 41–42; *Board of Zoning Appeals v. American Fletcher National Bank & Trust Company,* (1965) 139 Ind.App. 9, 12, 205 N.E.2d 322, 324, *trans. denied.* Courts may not make findings for an administrative agency based upon the evidence in the record: that is the agency's duty, and courts may only review, not make, even by inference, such findings. *Boffo v. Boone County Board of Zoning Appeals,* (1981) Ind.App., 421 N.E.2d 1119, 1125, *trans. denied.* Where a board of zoning appeals has failed to make findings, the proper action of the trial court is to remand for the entry of findings. A court may not substitute its decision for that of a board of zoning appeals. *Board of Zoning Appeals of Bartholomew County v. Freeman,* (1982) Ind.App., 437 N.E.2d 1035, 1040.

▪ Appellees argue that the trial court properly excluded the Board's findings because procedural irregularities exist in the Board's method of adopting them. Those findings were adopted at a meeting other than the one at which evidence was presented. Although we pass no judgment at this point upon the question of whether or not the proffered findings had been properly adopted by the Board, we disagree with the appellees that the adoption of findings must be made at the same meeting at which the evidence is heard. As we pointed out in *Boffo,* 421 N.E.2d at 1131, where a board fails to make findings and the cause is remanded to the board for the entry of findings, such findings are generally to be made without further hearing or presentation of evidence. Also a New York court has held that the procedures used by a board of zoning appeals were not unlawful where the proceedings encompassed several hearings during which all persons were given a full opportunity to be heard, but the public was not permitted to participate at the two final hearings when the board deliberated, evaluated the evidence, and voted. *Muller v. Williams,* (1982) 88 A.D.2d 725, 727, 451 N.Y.S.2d 278, 280. Here, the court found that the board had made no findings; it refused to consider the findings tendered by the Board or to hold that they had been made improperly. A court's superimposing its own gratuitous findings and conclusions upon an agency record in the name of administrative review is beyond the appropriate scope of the court's powers and constitutes a usurpation of the Board's fact finding function. *Easley v. Metropolitan Board of Zoning Appeals Marion County,* (1974) 161 Ind.App. 501, 507, 317 N.E.2d 185, 190, *trans. denied.* Therefore the trial court's refusal to consider the findings submitted by the Board prior to making its own findings was contrary to law, and its findings and judgment must be set aside.

## Issues Two and Three

▪ These two issues center around the proper interpretation of several sections of the Jasper City Zoning Ordinance. Unfortunately, the parties and court in reliance upon Indiana Code Section 36–7–4–1020 assumed judicial notice of that ordinance and did not include a copy of that ordinance in the record. In fact, the record suggests that the court did not even have a copy of the ordinance before it. *See* Record at 244. Judge Neal in the case of *Woods v. Brown County Plan Commission,* (1983) Ind.App. 446 N.E.2d 973, noted that "Ind.Code 36–7–4–1020, providing for judicial notice of zoning ordinances is unconstitutional by virtue of the authority in *In re Public Law No. 305 and Public Law No. 309 of the Indiana Acts of 1975,* (1975) 263 Ind. 506, 334 N.E.2d 659." At 977. Because the record in this case is barren of the zoning ordinance at issue and because the evidence establishes that the ordinance was not properly before the court, thus not a part of the record so that we could issue a writ for its production, we are unable to conduct a proper review of these two issues.

## Issue Four

Whether or not the relief granted by the trial court in this cause was excessive is a

moot question now that the trial court's judgment has been set aside. We need not decide this issue.

*Issue Five*

■ Habig argues that the trial court erred in ordering that work be stopped on his construction project on March 17, 1982, without first conducting a hearing. As appellees point out, however, any error committed by the court in issuing such order was rectified when the court ordered and held a hearing upon the stay issue. Indiana Code Section 36–7–4–1007 specifically authorizes a court to order such relief. Habig has failed to convince us that he was prejudiced by the court's stop work order when all it accomplished was the mitigation of his losses in light of the trial court's decision and a possible outcome of this case.

Judgment reversed and case remanded to the trial court for further proceedings not inconsistent with this opinion.

ROBERTSON, P.J., and NEAL, J., concur.