OPINION OF THE COURT
John S. Lockman, J.
This proceeding pursuant to CPLR article 78 for an order vacating and setting aside the determination of the respondent Board of Zoning Appeals of the Village of Matinecock which granted respondents Alfred and Barbara Devendorf area and width variances is disposed of as set forth below.
*978 Respondents Alfred and Barbara Devendorf are the owners of a parcel located within the Village of Matinecock and known as Section 23, Block K, Lot 646. The parcel is in excess of four acres in area and is situated in an area zoned for two-acre residential housing. The Devendorfs proposed to subdivide their parcel into two lots, each of which would exceed two acres in “gross area”. However, section 423(a) of the Village of Matinecock’s Zoning Ordinance provides: “Within any Residential District, no part of any dwelling or other structure housing a main use, and no part of any residence structure, shall be erected on that part of a lot where the lot width is less than the minimum requirement for the district in which it is located. No part of a lot having a width less than one half the minimum required width for the district may be counted as part of the required minimum lot area.” One of the lots which the Devendorfs proposed to create by the subdivision was of such an irregular shape that the effect of the second sentence of section 423(a) was to reduce a “gross area” of 2.002 acres to a “net area” of 1.868 acres. In addition, the grade on such lot rendered it advisable to locate the proposed residence so as to violate the first sentence of section 423(a). Consequently, the Devendorfs sought two variances: one from the “net area” requirement for two acres, and one from the prohibition against locating the main structure where there was less than the minimum required width.
The Devendorfs apparently acquired their property in 1980. On November 4, 1982 they secured a preliminary approval of the proposed subdivision from the Planning Board of the Village of Matinecock. On December 6, 1982, they filed with the Village, an official form entitled an “Appeal” in which they sought the two variances discussed above. A hearing of the Board of Zoning Appeals was scheduled to consider such request on January 27, 1983. On January 13, 1983 a notice of the hearing appeared in the Locust Valley Leader and was mailed to all property owners within 100 feet of the subject parcel. On January 17, 1983 notices of the meeting were posted on various utility poles located within the Village. The hearing commenced on January 27,1983 and the transcript reveals the following statement made by the Chairman:
*979 “the chairman: All right. I ask that you do so then. Just a brief word on the nature of the hearing. We are what is deemed a quasi-judicial body, we being the Board of Zoning Appeals.
“We are not legislatures [sic]. We do not enact the Zoning Ordinance * * *
“Now we’re conducting this informally. We want everyone to have an opportunity to be heard. And we also want a full opportunity given to those who may oppose a particular position that’s being presented to ask questions in the nature of cross-examination.
“This being quite informal, we are not going to swear in any witnesses tonight. In other words, not put them under oath. Although that is our option to do it one way or the other. Okay, Mr. McCuaig, you can go on where you left off.”
There followed a hearing at which Mr. Devendorf, among others, “testified” and was cross-examined by Mr. Richard Di Loreto, one of the petitioners and the only petitioner to submit a supporting affidavit in this proceeding. On April 5, 1983, the Board of Zoning Appeals rendered a decision granting the requested variances. Thereafter, on May 13, 1983, the Board entertained but did not grant an application of certain residents located within 1,000 feet of the effected parcel to reconsider its decision. Such proceeding took place without benefit of advance public notice.
Petitioners contend that the Board of Zoning Appeals determination should be vacated upon the ground that the Board acted in excess of its jurisdiction due to a failure to give proper public notice (CPLR 7803, subd 2); that the determination was made in violation of a lawful procedure in that the witnesses at the hearing were not sworn contrary to the Board’s own procedural rules (CPLR 7803, subd 3); and that the determination is not supported by substantial evidence (CPLR 7803, subd 4). Respondent Devendorfs contend that petitioners’ objections should not be entertained because they lack standing as “aggrieved parties”.
Subdivision 3 of section 7-712 of the Village Law relating to Boards of Zoning Appeals provides in pertinent part with regard to standing: “Any officer, department, *980 board or bureau of the village, with the approval of the board of trustees or any person or persons, jointly or severally aggrieved by any decision of the board of appeals may apply to the supreme court for relief by a proceeding under article seventy-eight of the civil practice law and rules.” Respondents contend that petitioners are not aggrieved because they have not alleged or shown that their property was adversely effected by the variances and the expert testimony adduced at the hearing by the Devendorfs was that there would be no adverse effect on property values. Certainly, if at least one of the petitioners was deprived of an opportunity to show an adverse effect at the hearing because of insufficient notice or improper procedures such failure would not be a ground for denying a petition to vacate nor would such petitioner be bound by the evidence offered by the party seeking the variance at the hearing. The court finds that property owners within 1,000 feet of the parcel in question are sufficiently affected to be “aggrieved”. (Matter of Horan v Board of Appeals, 6 Misc 2d 571.)
Subdivision 2 of section 7-712 of the Village Law also contains a paragraph dealing with the required notice for Board of Zoning Appeals hearings; “(c) The board of appeals shall fix a reasonable time for the hearing of the appeal and give due notice thereof to the parties, and not less than ten days prior to the hearing date publish such notice at least once in the official newspaper of the village or, if there is no official newspaper designated, the newspaper designated by the village board of trustees for such purposes”. Petitioners do not contend that this section was violated. Rather they assert that the Board violated its own rules with regard to notice. Rule 8 of the Rules of the Board of Zoning Appeals of the Village of Matinecock provides:
“Proof of notice
“a) On appeals the Village shall mail the ‘notice of public hearing’ to the owners of property within 100 feet of the subject premises not less than seven (7) days prior to the date set for said hearing.
*981 “b) On applications the applicant(s) shall send a ‘notice of public hearing’ (on the form provided by the Board) by regular mail to each owner and occupant (if any) of all parcels of property located within a radius of 1,000 feet measured from all points of the subject property lines. Such notice must be sent by registered or certified mail, return receipt requested, to those owning or occupying all properties abutting and contiguous to the subject property”.
It is agreed that in the instant case notice was given as for “an appeal” rather than for “an applicátion”. Petitioners contend that the matter was, in fact, an applicaion because there had been no previous denial, only a tentative approval from the Village Planning Board. Respondents argue that the proceeding was an appeal since an appeal was the only available vehicle for bringing the matter before the Board. Respondents cite rule 1 of the Rules of the Board of Zoning Appeals which provides that; “An original and eight copies of every application (i.e., a request for a special use permit) or appeal (i.e., a request to modify or reverse a decision of the Building Inspector) to the Board of Appeals shall be made”. They argue that since the definition of an “application” doesn’t fit the Devendorfs’ request, it must have been an “appeal”. Petitioners argue that since it was not an “appeal” it must have been an “application”.
As respondents correctly contend, “the construction given the [zoning] ordinance by the Zoning Board of Appeals, if not irrational or unreasonable should be upheld (see Matter of Fredonia Prods. Co. v Procaccino, 53 AD2d 275; Matter of Condé Naste Pub. v State Tax Comm., 51 AD2d 17; Matter of Leathersich v Wade, 20 AD2d 963).” (Matter of Delies v Cooper, 55 AD2d 244, 245-246.) The construction given the ordinance by the Board in this case which resulted in the Devendorfs’ proceeding being treated as an appeal was certainly not irrational nor is there any suggestion that it was a subterfuge to deprive interested property owners of notice. Accordingly, the petition insofar as it is based on a contention of jurisdictional defect, must be dismissed.
Rule 7 of the Rules of the Board of Zoning Appeals of the Village of Matinecock provides in pertinent part: “All appellants, applicants, opponents and witnesses shall ei *982 ther be sworn or, in the absence of being sworn, shall be required to state the truth, the whole truth and nothing but the truth as if under oath and under legal liability for full penalties for perjury.” Petitioners contend that the Board’s failure to enforce this rule and its taking of unsworn evidence constituted a procedural error requiring the setting aside of its determination. It would appear that the Chairman misconstrued the Board’s own rules although he accurately stated the law; “The statements of the witnesses do not have to comply with the technical requirements applicable to testimony in court. They are not even under oath. It is enough that reasonable men could view them as entitled to probative effect.” (People ex rel. Fordham Manor Reformed Church v Walsh, 244 NY 280, 287; see, also, Matter of Von Kohorn v Morrell, 9 NY2d 27, 33; Matter of Holy Spirit Assn. for Unification of World Christianity v Rosenfeld, 91 AD2d 190, 201.) Accordingly, any procedural defect in not swearing witnesses or requiring that they make their statements under the penalties for perjury was de minimis and harmless especially where no objection was raised at the hearing.
Finally, the petitioners contend that the determination of the Board of Zoning Appeals to grant the variances was not supported by substantial evidence. The evidence at the hearing was sufficient to sustain both the granting of an area variance to a parcel having a “gross area” in excess of the ordinance requirements with a “net area” deficient by only .132 of an acre and width variance to build on a portion of the lot having less than a minimum width where building on a portion of sufficient width would require substantial regrading and destruction of existing vegetation. (See Matter of Muller v Williams, 88 AD2d 725.)
The petition is dismissed.